SMITH, *Administrator*, *Plaintiff in Error*, v. STEEL.

**Judgment, nunc pro tunc.** A record entry of a verdict found, together with an order for entry of judgment, is not a judgment, and where, in an action here on a judgment rendered in another state, such record entry is offered in evidence together with a formal judgment for plaintiff, entered of record eleven years thereafter, such judgment will be regarded as one *nunc pro tunc* of the date of the verdict and so held, although there was a stipulation of record of the date of the verdict authorizing the plaintiff to take judgment without further notice.

*Error to Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*John Cosgrove* for plaintiff in error.

The record entry of the New York court of March 24th, 1863, was not a *nunc pro tunc* judgment, but an independent judgment. *Walters v. Sykes*, 22 Wend. 566; *Townsend v. Wesson*, 4 Duer 342; 9 Barb. 504; 65 Mo. 618. The questions decisive of this case were decided when this case was here before, and should not be re-opened. *Overall v. Ellis*, 38 Mo. 209; *Boone v. Shackleford*, 66 Mo. 497; *Chambers v. Smith*, 30 Mo. 156.

*Draffen & Williams* for defendant in error.

(1) The record of the New York judgment is to have the same effect here, as in the state where rendered. No

other, or different, effect is to be given to it. If, under the rules of practice and laws of New York, the date, when the order for judgment was entered, is treated, as the date of its rendition, it should be construed in the same way by our courts. Freeman on Judg., § 575. (2) The "rendition" of the judgment, according to the New York authorities, read in evidence, was when the court entered the order for judgment according to the verdict at the September term, 1852. See *Field v. Young*, 11 Wend. 522; *Lee v. Tiltson*, 4 Hill 27, read in evidence. See, also, *Genella v. Relyea*, 32 Cal. 159. The same question was presented in *California, etc., Co. v. Patterson*, 1 Nev. 124; *Kehoe v. Blethen*, 10 Nev. 445; Freeman on Judg., (3 Ed.) § 40; *Howell v. Moreland*, 78 Ill. 162. (3) The opinions, delivered by the courts of New York, were competent evidence to show, that under their rules of practice the date of the "rendition of the judgment" was when the court announced its finding and entered on its minutes an order for judgment. Rorer on Inter-State Law, p. 121; *Greason v. Davis*, 9 Ia. 219 ; *Taylor v. Runyat*, 9 Ia. 522. (4) The plaintiff had all the benefits of a judgment from September, 1852. See Freeman on Judg., (3 Ed.) §§ 47, 50, 51. Surely, he could not extend the life of the judgment eleven years, by simply waiting that length of time to have a more formal entry made. The fact that he asked the court to make another entry in the matter, could not vitiate the first entry or make it any the less the "rendition" of the judgment.

HENRY, J.—This suit was instituted in the circuit court of Cooper county, January 6th, 1875, upon a transcript of a judgment rendered in the supreme court of Cattaraugus county, state of New York, in favor of plaintiff's intestate against the defendant. Defendant's pleas were, *nul tiel* record, that he did not appear to the action in said supreme court, or authorize any one to appear for him, nor was served with process, and the statute of limitations.

On the fourth Monday in September, 1852, the following entries were made in said original cause:

"Lorenzo Barlow against Daniel C. Steele and Geo. W. Robinson. On motion of R. Owen, Jr., of counsel for plaintiff, ordered: That a jury be empanelled in this cause, that the same proceed to trial. The jury, without leaving their seats, under the directions of the court, says, they find for the plaintiff, against the defendant, Daniel C. Steel, for $452.73, and that they find for defendant. On motion of R Owen, Jr., order judgment accordingly.

"Lorenzo Barlow against Daniel C. Steele. Stipulated that the plaintiff may take judgment upon the verdict in this action, without further notice. J. E. Weeden, defendant's attorney."

No other steps appear to have been taken in the cause until March 24th, 1863, when the following judgment was entered therein:

"SUPREME COURT.

| | |
|---|---|
| LORENZO BARLOW,<br>    against<br>DANIEL C. STEEL and<br>GEORGE W. ROBINSON. | Judgment signed March 24th, 1863. |

This cause having been reached in its order on the calendar at the term of this court held at the court house in Ellicottville, Cattaraugus county, commencing on the fourth Monday of September, 1852, and the issues of fact therein having been tried by a jury, and the jury having found a verdict for the plaintiff against the defendant, Daniel C. Steel, for the sum of $452.73, and on reading and filing stipulation of defendant's attorney, on motion of Henderson & Wentworth, plaintiff's attorneys, it is adjudged by the court that the plaintiff, Lorenzo Barlow, recover of the defendant, Daniel C. Steel, the sum of $452.73, the amount of said verdict, together with interest thereon from the time of the rendering of said verdict to this date, being the sum of $332.75; amounting in the whole to the sum of $785.48.

THOMAS A. E. LYMAN, Clerk, (Seal)."

At the trial of the suit in the circuit court of Cooper county the defendant had a judgment which is now here on writ of error for review.

If the judgment entered in 1863 is but a *nunc pro tunc* judgment, this suit is barred by the statute of limitations. The cause was here once on defendant's appeal, and, at the October term, 1877, the judgment in plaintiff's favor was reversed.  65 Mo. 612.  On this point, the court then held that the judgment of 1863, was an original, and not a *nunc pro tunc* judgment, but the judgment was reversed on the ground that the record from New York was not properly authenticated.  The question, therefore, as to the character of the judgment of 1863, is still an open one.  *Hamilton v. Marks*, 63 Mo. 167.  The record entry made in September, 1852, was not a judgment.  It was the record of a verdict found, and contained an order for the entry of a judgment then rendered.  The view, that it was not the record of a judgment, is confirmed by the stipulation following that entry, that plaintiff might take judgment without further notice.  "The entry should appear to have been intended as the entry of judgment, and not a mere memorandum by which it was to be constructed."  Freeman on Judgt., § 52.

Eleven years after that record was made, plaintiff appeared in said court, and, on his motion the court entered a judgment reciting the steps taken in the cause in 1852.  It is not declared on its face that it is a *nunc pro tunc* judgment, but all the recitals show that it was, unless the stipulation above noticed, gave plaintiff an indefinite time within which to have the judgment on the verdict entered.  If he could exercise that right eleven years after the stipulation made, we see no reason why he may not have waited twenty or fifty years.  No case is cited from the adjudications of the courts of New York, with respect to the effect of such stipulations, nor is any statute of that state in evidence which authorizes, or declares the effect of such agreements, or regulates the practice under them.  We have no such practice in this State, and are left to grope in the dark with

regard to the practice in New York and the construction of the stipulation. We incline to the opinion, that the plaintiff, without any application to the court, had the right, within the time that the judgment might have been entered under the stipulation, to have the clerk enter the judgment; and from the fact that this was not the course pursued, but plaintiff appeared in court and, on his motion, procured the entry of the judgment of 1863, our inference is, that it was not entered under or by virtue of the stipulation, but as a *nunc pro tunc* judgment, the time having elapsed within which it could have been entered under the stipulation.

Being, in substance, a *nunc pro tunc* judgment, it had relation back to the date of the original entry, which, although not a formal judgment, was evidence of a verbal judgment having been rendered, of which no formal entry had been made. This cause would present no difficulty if the stipulation was out of it, but, in the absence of a statute of the state of New York, and decisions of her courts showing the practice there with respect to such stipulations, we cannot give it the effect of authorizing the entry of a judgment after the verdict found, without regard to the lapse of time. Holding that the entry of 1863 was a *nunc pro tunc* judgment, the cause of action was, at the institution of this suit barred by the statute of limitations, and the judgment is affirmed. All concur, except SHERWOOD, J., absent.