STATE OF MISSOURI ex rel. SHERIDAN PUBLISHING COMPANY, Relator, v. JAMES E. GOODRICH, Judge of the Assignment Division of the Circuit Court of Jackson County, Missouri, at Kansas City, Respondent.

Kansas City Court of Appeals, November 6, 1911.

1. JUDGEMENT: Effect of Minutes of Judge: Prohibition. Judge Seehorn, acting as judge of the assignment division of the circuit court, entered on his docket, after the title of a case, "Dis. for want of pros." No entry in the case was made by the clerk. Several terms thereafter, relator filed a motion for a judgment of dismissal *nunc pro tunc.* Judge Goodrich, then acting as judge of the assignment division, sent the motion to Judge Seehorn's division for determination. Judge Seehorn overruled the motion for judgment of dismissal, and returned the case to the assignment division. Prohibition will not lie to prevent Judge Goodrich from proceeding with the case as one for trial.

2. ———: Effect of Dismissal. While a judgment of dismissal for want of prosecution is not a final ending of the cause of action, it ends that particular suit.

3. ———: Failure of Clerk to Enter Same. A judgment is valid when properly declared, and does not lose its validity by failure of the clerk to enter the same.

State ex rel. v. Goodrich.

4. ———: Nunc Pro Tunc Entry. The failure of the clerk to properly enter a judgment may be rectified at a subsequent term by a *nunc pro tunc* order if based on some minute of either the judge or the clerk, but not in the absence of such minute.

5. ———: ———: Where the minutes on a judge's docket indicate that a case was dismissed for want of prosecution, but there is a question of fact as to whether such an order was in fact made, such minutes are not conclusive, and the court may properly refuse to enter a *nunc pro tunc* judgment of dismissal thereon. In such event, the case is still pending, and the judge before whom it is pending cannot be prohibited from proceeding with the case.

## Original Proceeding—Prohibition.

WRIT OF PROHIBITION DENIED.

*Johnson & Lucas* for relator.

*Jay Read* and *Omar E. Robinson* for respondent.

JOHNSON, J.—This is an original proceeding for a writ of prohibition against the judge of the assignment division of the circuit court of Jackson county. The facts are undisputed and may be stated as follows:

The Graham Paper Company brought an action at law against the Sheridan Publishing Company (the present relator), in the circuit court of Jackson county. An answer was filed and the trial of the cause was set for May 10, 1910. The cause was not tried on that date and no entry relating to its disposition was made on any of the records kept by the clerk of the court. The Honorable T. J. Seehorn was judge of the assignment division at that time and on the docket kept by him the words "Dis. for want of pros." appear opposite the title of the cause. No judgment of dismissal was entered of record and the cause was reassigned for trial on March 23, 1911, before the Honorable James H. Slover, one of the judges of the court. On that date the relator appeared and con-

tended that the cause was not for trial since it had been dismissed for want of prosecution. Thereupon Judge Slover returned it to the assignment division and relator filed a motion for a judgment of dismissal *nunc pro tunc.* Respondent, then judge of the assignment division, assigned the cause to Judge Seehorn to hear and determine relator's motion. After hearing the evidence Judge Seehorn overruled the motion and returned the cause to the assignment division for further proceedings. Relator filed an affidavit of appeal from the order overruling its motion but its application for appeal was overruled and respondent announced that the cause would be assigned for trial. Relator then initiated the present action to prohibit respondent from proceeding with the cause as with one for trial.

A dismissal of a cause for want of prosecution, though not a final ending of the controversy, is a final ending of that particular suit. In effect, it is a final judgment for the defendant, though it does not preclude the plaintiff from bringing a new suit for the same cause. [3 Words and Phrases, 2105; Livingston v. N. E. Mortgage Security Co., 91 S. W. Rep. 752.] Should it appear that Judge Seehorn dismissed the action in question, the order of dismissal, if not set aside during the term at which it was made, should be regarded as a final judgment, and the mere fact that the clerk failed to record the judgment or make any entry of it on the record books kept by him would not deprive the judgment of any of its force or vitality. Such neglect or misprision of the clerk could be rectified at a subsequent term by a *nunc pro tunc* order. The judgment is complete when properly declared though the ministerial act of recording it has not been performed. "The rendition of the judgment is the judicial act upon which the execution rests, its entry upon the record is a mere ministerial act evidencing the judicial act, but not essential to its validity or giving

to the judgment any additional force or efficiency." [Fontaine v. Hudson, 93 Mo. 1. c. 70.]

"Where the clerk either by design or mistake fails to record the judgment actually rendered the court may alter the memorial of the judgment to make it express the sentence pronounced, provided the record entries furnish the evidence to support the correction." [Kreisel v. Snavely, 135 Mo. App. 1. c. 158.]

After the expiration of the term at which a judgment is rendered the court can speak only by its records and though a judgment actually was pronounced, if the act is not made the subject of any entry, either by the judge or clerk, the judgment loses its vitality from the complete lack of authentic means of support. To hold otherwise would be to say that a judgment might rest alone in the memory of the judge and to ignore the rule that a court can speak by its records alone.

While the minutes kept by the judge are not the memorial of the judgment and are not records required by law to be kept, they constitute legal evidence of what was adjudged (Kreisel v. Snavely, supra) and, as such, may serve as the foundation for the correction of errors of the clerk in the performance of his duty and, in the present case, had Judge Seehorn sustained the motion for a *nunc pro tunc* judgment, we would hold that the entry in his minute book amply supported such ruling. But in overruling the motion he refused to give conclusive effect to his entry and relator is in the position of urging us to accord it such effect. The position is untenable. The minutes are only evidence of what was done. The records kept by the clerk also are competent evidence and since they fail to show any judgment was pronounced, the learned judge acted within the scope of his authority and duty in deciding that no judgment, in fact, was declared. The conflicting evidence before him raised an issue of fact for his determination

and we perceive no good reason for disturbing his conclusion. It is possible that the entry of dismissal was made erroneously. He found that it was; the finding is supported by competent evidence and we shall not say that he could not have erred in making the entry and in allowing it to stand on his docket. The writ is denied. All concur.