In re JOSEPH SIEGEL, Petitioner.

In Banc, January 22, 1915.*

1. PLEA OF GUILTY: To Non-prohibited Offense. If the acts of which a defendant is convicted are not denounced as a crime by any law in force, punishment is unlawful, notwithstanding his plea of guilty to the information preferred against him.

2. LAW: Municipal Ordinance: Election Authorized by Law. A city ordinance directing an election to be held to authorize the adoption or rejection of a street railway franchise is a law within the meaning of the statute which makes illegal voting a felony, and says that "the word 'election' . . .

---

*NOTE: Decided December 19, 1914. Motion for rehearing filed; motion overruled, and opinion filed December 29, 1914. Motion to modify opinion filed; overruled January 22, 1915.

shall be construed to designate elections had within any city, for the purpose of enabling electors . . . to pass . . . any proposition submitted to vote by law."

3. **JUDGMENT: In Criminal Case: Describing Crime With Precision: Illegal Voting.** It is unnecessary for a judgment to designate the particular acts by which the crime was consummated with the same precision required in an indictment. Where defendant was charged and convicted with voting more than once at the same election, a crime denounced by the statute as a felony, a judgment which described the offense as "illegal voting" is sufficiently clear.

4. ———: ———: **As Charged.** A judgment can be tested by the information upon which it is based, and if it charges only one offense a judgment reciting that defendant pleaded guilty "as charged" is not so vague as to render it invalid.

5. ———: ———: ———: **Equivalent to General Verdict of Guilty.** A recital in the judgment that defendant pleaded guilty "as charged" is equivalent to a general verdict of guilty returned by a jury when only one offense is charged and when under the law the defendant cannot be convicted of a lower degree of the offense than the one charged.

6. **INSUFFICIENT INFORMATION: Omission of Word Feloniously: Discharge on Habeas Corpus.** A convicted petitioner cannot be discharged upon a writ of *habeas corpus* on the ground that the information is not legally sufficient to support an information. That writ cannot be made to take the place of an appeal. If the information fails to charge that he "feloniously" committed the unlawful acts specified, and for that reason is not legally sufficient to support a conviction of a felony, his remedy is by a motion in arrest of judgment and appeal or writ of error, for then, the most he is entitled to is to have the judgment reversed and the cause remanded—not to an absolute discharge.

7. **LIGHTER SENTENCE POSSIBLE: Habeas Corpus.** The fact that under the statute the court might have imposed a lighter sentence, is no ground for relief by *habeas corpus*. [On rehearing.]

8. **CONVICTION: Under Invalid Special Statute: Valid General Statute.** Even though it be conceded that a certain statute denouncing illegal voting is invalid because special, yet if the record does not indicate that the information was drawn under that statute, and there is another valid general statute applicable to the offense and the information is good under that and the sentence in conformity with it, defendant will not be discharged *on habeas corpus*. [On rehearing.]

## *Habeas Corpus.*

PETITIONER REMANDED.

*Numa F. Heitman* for petitioner.

(1) The criminal court exceeded its jurisdiction because your petitioner was not charged with any felony nor did he plead guilty to any felony and yet he was sentenced to two years in the penitentiary. The word "feloniously" nowhere appears in the information. Illegal voting in Kansas City is expressly made a felony by statute. Sec. 6155, R. S. 1909; State v. Feasal, 132 Mo. 181; State v. Deffenbacker, 51 Mo. 26; Johnson v. State, 7 Mo. 183; State v. Band, 191 Mo. 1. c. 566-7; State v. Willard, 219 Mo. 725; State v. Murdock, 9 Mo. 739; State v. Clayton, 100 Mo. 516; State v. Dixon, 247 Mo. 668; State v. Gilbert, 24 Mo. 380; State v. McGrath, 228 Mo. 413; State v. Buckfelder, 231 Mo. 55; In re Spalding, 75 Kan. 163; Ex parte Smith, 135 Mo. 223; State v. Rosenblatt, 185 Mo. 114; Secs. 2474, 4923, 4925, R. S. 1909. From the foregoing statutes and authorities, it is clear that, in view of the information which did not charge a felony, it was an excess of jurisdiction to sentence the petitioner as though he had pleaded guilty to a felony. The writ of *habeas corpus* is the remedy. Ex parte Snyder, 64 Mo. 58; Ex parte Bedard, 106 Mo. 616; In re Shull, 221 Mo. 623; Ex parte Creasy, 243 Mo. 679; In re Clark, 208 Mo. 121; Ex parte Neilson, 131 U. S. 176; In re Snow, 120 U. S. 274; Ex parte Neet, 157 Mo. 527; Ex parte Lucas, 160 Mo. 218; Ex parte Harrison, 212 Mo. 95; In re Spalding, 75 Kan. 163. (2) There was no criminal law violated by the petitioner for the reason that no criminal statute was in existence which covered or included the so-called franchise election held in Kansas City, on July 7, 1914. The word "election" as used in the Constitution and elec-

tion laws of Missouri is not broad enough to cover said franchise election. This question was discussed in State ex rel. v. Taylor, 220 Mo. 618. Subsequently, the Legislature undertook to expand the meaning of the word "election," and to accomplish this purpose, Sec. 6177, R. S. 1909, was passed. Haas v. Neosha, 139 Mo. App. 297. The franchise election which was held in Kansas City in pursuance of an ordinance of Kansas City, on July 7, 1914, was not an "amendment" within the meaning of the word "amendments" used in said section, nor was said franchise ordinance a "law" within the meaning of the word "law" used in said section. A law is a rule of conduct, prescribed by the supreme lawmaking power in the State, and applying generally to all the people within the State. An ordinance is a very different thing. It is a rule of conduct prescribed by a delegated lawmaking power in the city and applies only to the inhabitants in the city. This franchise was not submitted to the people "by law," for the reason that the ordinance submitting it was not a "law" but an ordinance. A proposition submitted to the people of the city by ordinance does not come within the definition of the word "election" as the same is defined in section 6177. Kansas City v. Clark, 68 Mo. 588. Criminal statutes should be strictly construed and not be extended or enlarged by judicial construction so as to embrace offenses or persons not plainly within their terms. State v. Reid, 125 Mo. 43; State v. Brock, 202 Mo. 223; State v. Shortell, 174 Mo. App. 153; State v. McMahon, 234 Mo. 611. Said franchise was not a "public" act. It was only a quasi-public act. It was a contract between the city on one side, and a private corporation on the other. It was only a half way "public" act. The phrase "or other public act or proposition" means a "public act" or "proposition" belonging to the class of "amendments" or "laws" under the rule *ejusdem generis.* State v. Krueger, 134 Mo. 262; Ex parte Neet, 157 Mo.

527; State v. Robinson, 253 Mo. 27; Ex parte Lucas, 160 Mo. 218; Ex parte Harrison, 212 Mo. 88; Ex parte Smith, 135 Mo. 223.

BROWN, J.—Upon his plea of guilty to a charge of illegal voting, petitioner was sentenced to serve a term of two years in the penitentiary by the criminal court of Jackson county, Missouri, and he brings *habeas corpus* in this court to secure his discharge.

The complaint of petitioner is accompanied by a copy of the information under which he was convicted upon a plea of guilty, a copy of the judgment and sentence, together with a copy of an ordinance of Kansas City which purports to authorize the holding of an election on July 7, 1914, in said city to determine, by vote, whether or not said city would grant a franchise to certain corporations to maintain and operate certain street car lines upon its streets.

Petitioner asserts that there is no law which denounces as a crime his act in voting more than once in the beforementioned municipal election, and that therefore, he is entitled to his discharge. We will consider this insistence first, for if it be true that the acts of which petitioner was convicted are not denounced as a crime by any law in force in this State, then his confinement is unlawful, notwithstanding his plea of guilty to the information preferred against him.

Petitioner concedes that by section 6155, Revised Statutes 1909 (which is a part of article 14, chapter 43, of the Revised Statutes of 1909, governing the holding of elections in Kansas City, Missouri), he was expressly prohibited from voting more than once at any election held in said city pursuant to law. However, he earnestly insists that the election held on July 7, 1914, to adopt or reject a street car franchise was not an election held *by law*, being merely an election held pursuant to a city ordinance, and, therefore, not with-

in the purview of that part of section 6177 which reads as follows:

"The word 'election,' as used in this article, shall be construed to designate elections had within any city for the purpose of enabling electors to choose some public officer or officers under the laws of this State or the United States, or to pass any amendment, law or other public act or proposition submitted to vote *by law.*" (Italics ours).

Petitioner stresses the last two words quoted from section 6177, and insists that a proposition submitted to voters by a city ordinance is not a submission of such proposition *by law,* for the reason that city ordinances are not laws; so that a proper ruling on this issue depends, in a large measure, upon a correct interpretation of the words *"by law,"* as found in section 6177, supra.

## OPINION.

I.   To sustain the last-noted contention petitioner cites Kansas City v. Clark, 68 Mo. 588, wherein Chief Justice SHERWOOD, in discussing the right of a city to appeal from a judgment of acquittal in an action to recover a fine for violating its ordinances, stated that the violation of a city ordinance was not a crime, because the ordinance was not a *public law,* but only a *local law.*

By Law.

Petitioner also cites the case of Baldwin v. City of Philadelphia, 99 Pa. St. 164, in which it was held that a provision in the constitution of Pennsylvania which ordained that "no *law* shall increase the salary of any public officer after his election or appointment" did not apply to the increase of salary of an officer by city ordinance.

Notwithstanding the authorities cited we think petitioner's contention is unsound.   The Clark case, supra, was not, in a strict sense, an interpretation of the word *law,* but what was there said was in the na-

ture of *obiter,* or the reasoning of the judge, and intended merely to illustrate the reason why a city was entitled to appeal from a judgment of acquittal in a suit to enforce its ordinances. As will be seen, that opinion does not hold that an ordinance is not a law, but only that it is a "local law" as distinguished from a "public law." That view did not meet the approval of all of the judges of this court.

In the subsequent case of Grand Ave. Ry. Co. v. Citizens' Ry. Co., 148 Mo. 665, l. c. 671, it was held that a power to hear and determine a certain class of causes conferred upon circuit courts by a valid city ordinance was a jurisdiction conferred upon such courts by law. This last-cited case met the unanimous approval of this court in Banc, except VALLIANT, J., who did not sit. If that ruling was sound, it would necessarily follow that an election held under a city ordinance is an election held "by law."

McQuillin, in his treatise on Municipal Corporations (Vol. 2, sec. 643), says: "Valid ordinances of municipal corporations are as binding on the corporators and the inhabitants of the place as the general laws of the State upon the citizens at large." Can it be a misnomer to classify as a law that which was enacted by a legislative body and possesses all the force of law?

Section 10, article 1, of the Federal Constitution provides that "no State shall . . . pass . . . any . . . law impairing the obligation of contracts." This constitutional provision has been held by the Supreme Court of the United States to include ordinances enacted by cities which impair the obligation of contracts. [Murray v. Charleston, 96 U. S. 432; see also, Railroad v. Memphis, 96 Fed. l. c. 126.]

Of course, the Murray case, supra, is not directly in point here, because constitutions are not always construed by the same rules as criminal statutes, but

it does tend to show that the ruling in the Pennsylvania case, cited by petitioner, is erroneous.

In Miller v. Dunn, 72 Cal. 462, l. c. 465, the Supreme Court of California was urged to hold that the word *law* as found in the Constitution of that State was intended to cover only statutes enacted by the General Assembly, but instead of announcing such a rule that court said: "It is useless to attempt to apply ironclad rules of interpretation to any phrase or word used in a constitution. Especially is this true of a word which has a technical as well as a popular meaning. There is no word in the language which in its popular and technical application takes a wider or more diversified signification than the word 'law,'—its use in both regards is illimitable."

However, leaving out of view the precedents, we think the statute under consideration ought to be construed to include an election held pursuant to the ordinance hereinbefore mentioned. If one speak generally of the laws of a certain city or place he is presumed to refer to all laws having a binding force in that locality, and not merely to a certain class of laws by which that vicinity is governed.

If a State statute using the word "law" in its broad general sense is intended to apply exclusively to places where no incorporated city or town exists, we might be justified in holding that such word so used did not apply to city ordinances, but we find that sections 6155 and 6177, supra, are a part of article 14, chapter 43, Revised Statutes 1909, which by its very terms is intended to govern elections in cities having a population of 100,000, or more (Sec. 6090, R. S. 1909), and as we judicially know that cities of that size are empowered to enact ordinances, it is but natural that the Legislature should intend that said sections 6155 and 6177 should apply to elections held pursuant to the valid ordinances of such city.

We are not unmindful of the fact that all criminal and penal statutes must be strictly construed against the State and liberally construed in favor of the accused. [State ex rel. Spriggs v. Robinson, 253 Mo. 271, l. c. 284, and cases there cited.] However, this well-known and universally accepted rule of construction does not warrant such an unreasonable construction of even a criminal statute as will thwart the intention of the lawmaker. [36 Cyc. p. 1183, b.] We think such would be the result if we adopted the views urged by petitioner's resourceful attorney. That the adoption or rejection of the street car franchise, upon which petitioner voted twice, was a "public proposition" within the purview of section 6177, Revised Statutes 1909, is too plain to need citation for its support. We, therefore, hold that the municipal election held in Kansas City on July 7, 1914, was an election as defined by section 6177, supra, at which a public proposition was submitted by law.

II. Petitioner also contends that the judgment under which he is imprisoned does not recite the acts **Judgment.** of which he was found guilty, and that such judgment is too vague and indefinite to warrant the marshal in depriving him of his liberty. Omitting caption, said judgment reads as follows:

"Now comes the prosecuting attorney, comes also the defendant Joseph Siegel *alias* James Foley and said defendant being arraigned before the court for the plea says he is guilty as charged and that the court fixes the punishment of said defendant at two years in the State penitentiary. It is therefore considered and adjudged by the court that said defendant Joseph Siegel do undergo confinement in the penitentiary of the State of Missouri for and during the period of two years for said offense of illegal voting.

"That the State of Missouri have and recover of and from said defendant all costs herein and that execution issue therefor and the court further orders that said defendant be remanded to the custody of the marshal of Jackson county and that said marshal deliver said defendant into the custody of the proper officer in charge of said penitentiary therein to be confined as aforesaid."

That the act of voting more than once in the same election is "illegal" voting and denounced as a felony by section 6155, Revised Statutes 1909, there can be no doubt, and while that statute also denounces several different kinds of illegal voting we find that the judgment is clear enough on that point. It is unnecessary for a judgment to designate the particular acts by which a crime was consummated with the same precision as an indictment.

It will be observed that the judgment against the petitioner is based on the finding that he pleaded guilty "as charged," and as judgments can be tested by the pleadings or indictment upon which they are based (23 Cyc. 1102 [2] ) we find this judgment is not so vague as to render it invalid. The information charges but one offense, and the effect of finding that petitioner pleaded guilty "as charged" is equivalent to a general verdict of guilty by a jury when only one offense is charged and when, under the law, the defendant cannot be convicted of a lower degree of the offense than the one charged. In such cases a general verdict finding the defendant guilty has uniformly been held to be sufficient. [State v. Stark, 202 Mo. 210, l. c. 221; State v. Martin, 230 Mo. 680, l. c. 691.] In State v. Williams, 191 Mo. 205, l. c. 214, this court approved a judgment which did not refer to the nature of the crime of which the defendant was found guilty—the jury in that case having found that defendant was guilty as charged in the information. The objections to the judgment will be overruled.

III. Petitioner also assails the information under which he was convicted upon many grounds, but
**Information.** the conclusions we have reached render it unnecessary for us to encumber this opinion with a full copy of such information.

Among the objections to the information is that it does not charge that petitioner *feloniously* voted twice in the municipal election before mentioned, and therefore, that the trial court exceeded its jurisdiction in sentencing him as for a felony.

We find that, while the information does not contain the word "feloniously" it does recite in detail the acts of defendant in voting more than once in the same election, as prohibited by section 6155, Revised Statutes 1909; and if it does not contain all the averments necessary to constitute a valid information this does not entitle the petitioner to a discharge upon a writ of *habeas corpus.* If the information is not legally sufficient to support the judgment, then petitioner could have arrested the judgment by a timely application for that relief and if the circuit court had denied such relief the judgment could have been reversed by bringing the cause here by appeal. Section 23, article 2, of our Constitution, provides that "if judgment be arrested after a verdict of guilty on a defective indictment" the defendant may again be placed upon trial upon a proper indictment; so that, if petitioner is entitled to any relief, the most he has shown himself entitled to is to have the judgment against him reversed and remanded—not to an absolute discharge. Before a prisoner can be released on *habeas corpus* it must be shown that his confinement is wholly unlawful. To award a prisoner greater relief on *habeas corpus* than he could have secured by an ordinary appeal would amount to a nullification of those statutes which permit him to secure relief from errors in the record proper by appeal.

The petitioner will therefore be remanded to the custody of the marshal of the criminal court of Jackson county. It is so ordered. All concur, *Bond, J.*, in paragraphs two and three and in the result.

## ON REHEARING.

BROWN, J.—In his motion for rehearing, petitioner has called our attention to the fact that sections 6155 and 6177, Revised Statutes 1909, applicable only to cities having one hundred thousand inhabitants or more, may be invalid on the ground that they are special laws and in conflict with section 4427, Revised Statutes 1909, which is a general law relating to the same subject (illegal voting), and that, under the rule of this court in State v. Anslinger, 171 Mo. 600, the conviction of petitioner may be illegal.

After a careful examination of the above-cited statutes, and also of the rule announced in the Anslinger case supra, we find that, even if it is true that section 4427, supra, is the only legal statute under which defendant could have been prosecuted for voting more than once, his conviction is fully supported by said section last named.

There is nothing in the information to which petitioner pleaded guilty that points more definitely to sections 6155 and 6177, Revised Statutes 1909, than to said general statute (section 4427, supra). The information is as good under the one statute as the other, and as the court, upon defendant's plea to the charge of voting more than once possessed the power to sentence him to a term of "not exceeding five years," under section 4427, Revised Statutes 1909, the sentence of two years actually imposed is in conformity with that section. The fact that the court might have imposed a lighter sentence is no ground for relief by *habeas corpus*.

In this action of *habeas corpus* there is nothing before us but the record proper, and for aught that appears the information may have been drawn and the punishment imposed under section 4427, Revised Statutes 1909. The motion for rehearing is, therefore, overruled.

All concur except *Bond, J.,* who concurs in result.