STATE OF MISSOURI, Respondent, v. VIRGINIA KING, Appellant, No. 44122—275 S. W. (2d) 310.

Division Two, February 14, 1955.

Alphonse J. Lynch and Curtis C. Crawford for appellant.

50

*John M. Dalton,* Attorney General, and *Robert R. Welborn,* Assistant Attorney General, for respondent.

[311] BOHLING, C.—Virginia King appeals from a conviction of grand larceny imposing a sentence of three years imprisonment under Laws 1951, p. 455, appearing as § 556.285, RSMo Supp. 1953, VAMS. (Statutory references herein are to RSMo 1949 and VAMS, unless otherwise indicated.) Appellant questions the constitutionality of the statute; the sufficiency of the information; the sufficiency of the evidence; and contends error was committed in the admission of evidence, the refusal of a continuance; the giving of instructions, and in the State's argument.

The statute, with its title, reads: "An act to provide that larceny of goods, wares or merchandise or other personal property under certain conditions, regardless of value, shall be grand larceny and providing a penalty therefor.

"Every person who shall have been convicted three times of larceny in any degree and who subsequently shall steal, take and carry away any goods, wares or merchandise or other personal property, regardless of the value thereof, shall be guilty of grand larceny and, upon conviction, shall be punished by imprisonment in the penitentiary not exceeding five years or in the county jail not exceeding one year, or by fine not exceeding one thousand dollars, or by both such fine and imprisonment."

The instant information charged appellant with three prior convictions of petit larceny and with feloniously stealing one bottle of whiskey of the value of $4.10, the property of Mitchell, Sam and Harry Schenberg, co-partners, in the city of St. Louis, Missouri, on September 6, 1952. No issue is presented by appellant regarding her commission of the larceny of September 6, 1952. She offered no testimony.

[312] The three convictions of petit larceny occurred prior to and the offense of September 6, 1952, occurred subsequent to the effective date of Laws 1951, p. 455.

Several points in appellant's brief may be considered together. Appellant contends, based on her convictions of petit larceny occurring prior to the effective date of the statute, that the information failed to state an offense under the statute; that the evidence did not support a conviction under the statute, and that the statute was unconstitutional as to this prosecution of appellant. Specifically, she states that the statute contravenes the due process and equal protection of the law clauses of the Federal and State constitutions (U. S. Const. Amend. 14; Mo. Const., Art. I, §§ 2, 10) and is an ex post facto law (U. S. Const., Art. I, § 10; Mo. Const., Art. I, § 13) in that it arbitrarily defines petit larceny as grand larceny, thus creating a new offense upon a showing of three convictions consummated prior to the effective date of the statute.

Appellant cites no authority directly in point but stresses dictum in several cases under the Missouri habitual criminal act (§ 556.280) that: "As has been held several times, the habitual criminal statutes themselves do not create a separate offense, but merely subject second offenders to heavier punishment for the crimes they commit." State v. Hefflin, 338 Mo. 236, 89 S. W. 2d 938, 940[2], 103 A. L. R. 1301; State v. Collins, 266 Mo. 93, 180 S. W. 866[2, 3]. These and other like observations do not establish appellant's position.

At the time of the effective date of Laws 1951, p. 455, other statutory enactments, so far as material here, defined the offense of grand larceny as the stealing of personal property of the value of $30

or more (§ 560.155), a felony punishable by imprisonment not exceeding five years (§ 560.160), and the offense of petit larceny as the stealing of personal property under the value of $30 (§ 560.240), a misdemeanor punishable by imprisonment in the county jail or a fine, or both.

Construing the statutory provisions relating to the offenses of petit and grand larceny, it is clear that the General Assembly in enacting Laws 1951, p. 455, imposed a greater punishment for an incorrigible larcenist, three times convicted, than for larcenists not having such a criminal record.

One does not violate Laws 1951, p. 455 unless he commits a larceny subsequent to its effective date. The statute applies to "every person who shall have been convicted three times of larceny in any degree and who subsequently" commits another larceny. It is similar in this respect to § 556.280, our habitual criminal act. All are charged with knowledge of the provisions of the statute. The allegations of the prior convictions are not charges of distinct crimes but are merely to disclose facts bringing the new offense within the statute and for determining the criminality of the new offense. In ruling that prior convictions aggravating a new offense need not occur subsequent to the effective date of the statute, the cases hold that prior convictions of crime constitute a reasonable basis for the classification of offenders with respect to the severity of the punishments to be imposed. Ex parte Gutierrez, 45 Cal. 429, 431(1, 2); State of Iowa ex rel. Gregory v. Jones, 128 Fed. 626, 629, 630; State v. Adams, 89 Kan. 674, 677, 132 P. 171, 173[3]; Jones v. State, 9 Ok. Cr. R. 646, 133 P. 249, 253, 48 L. R. A. (NS) 204, 212; Graham v. West Virginia, 224 U. S. 616, 623(1, 2), 56 L. Ed. 917, 32 S. Ct. 583.

Ex parte Gutierrez, supra, was a proceeding under a statute providing that one convicted a second time of petit larceny, a first conviction being a misdemeanor, was guilty of a felony and was to be punished by imprisonment in the state prison. State of Iowa ex rel. Gregory v. Jones, supra, was a proceeding under a statute providing that one convicted a third time of larceny of property of a value in excess of $20 was to be imprisoned for not less than 15 years. In each instance the convictions involved occurred prior to the effective date of the statute and the convictions were upheld.

[313] State v. Adams, supra, involved Kansas Laws 1911, p. 250, Ch. 165, § 1, which provided that a person convicted a second time under the Kansas prohibitory liquor law was to be "deemed guilty of a felony" and punished by imprisonment in the penitentiary. The information charged defendant with a conviction of said law in 1908, a misdemeanor, and a violation of said law after the effective date of Kan. Laws 1911, p. 250, supra. In sustaining the application of the statute to the charge, the court stated: "Former conviction of crime

is a sufficient basis for the classification of offenders with respect to the severity of the punishment they shall receive."

In Graham v. West Virginia, supra, statutory provisions imposing more severe punishment upon habitual criminals than upon first offenders were upheld against contentions that the statute violated Federal constitutional provisions relating to due process of the law, to equal protection of the law, to former jeopardy, to privileges and immunities, and to cruel and inhuman punishment. The court stated: "The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted." (224 U. S. l.c. 623(1).) And: "The fact of such sentence [prior conviction], indicating the gravity of the offense, affords a reasonable basis for classification." (Id. l.c. 630.)

Among other authorities to like effect are: Commonwealth v. Graves, 155 Mass. 163, 29 N. E. 579, 16 L. R. A. 256; In re Miller, 110 Mich. 676, 68 N. W. 990, 34 L. R. A. 398, 400, 64 Am. St. R. 376; Taylor v. State, 114 Neb. 257, 207 N. W. 207, 209[4]; Armstrong v. Commonwealth, 177 Ky. 690, 198 S. W. 24, 26[4]; Rand v. Commonwealth, 9 Grat. (50 Va.) 738, 743; McDonald v. Massachusetts, 180 U. S. 311, 45 L. Ed. 542, 21 S. Ct. 389, affirming 173 Mass. 322, 53 N. E. 874, 73 Am. St. R. 293; Moore v. Missouri, 159 U. S. 673, 677, 40 L. Ed. 301, 16 S. Ct. 179, affirming 121 Mo. 514, 520, 26 S. W. 345, 346, 42 Am. St. R. 542; 24 C. J. S. 1143, §§ 1958, 1959, b, 1960, e; 1 Cooley, Constitutional Limitations, 8th Ed., 553, 554; 1 Bishop, Criminal Law, 9th Ed., 190, § 283; Rottschaefer, Constitutional Law, 774. The subject is well treated in 25 Am. Jur. 261, §§ 3-8, 12; Annotation, 132 A. L. R. 92, I, and annotations there mentioned.

Appellant's authorities do not establish her position and her contentions are overruled. Some statutes, differently worded, do not apply to convictions prior to their effective date.

■ Appellant says, although the statute be constitutional and applicable, yet the State failed to establish the three prior convictions by competent evidence and the judgment cannot stand.

The three prior convictions of appellant of petit larceny charged in the information occurred in the St. Louis court of criminal correction on January 5, 1942, on April 2, 1947, and on August 5, 1948. Mrs. Marion Cronin, deputy clerk of said court of criminal correction, identified certain books as "Issue Books," the official record of the clerk of said court. Over objections interposed, certain Issue Books were offered in evidence and, as established of record, portions thereof were read to the jury by the witness. She testified that (State's exhibit No. 2) Issue Book 131 at page 729 showed the name of "Virginia King," the charge "petit larceny," the issuance of a warrant Novem-

ber 27, 1941, and an entry: "January 5, 1942. Defendant pleads not guilty. Tried by the court. Defendant adjudged guilty. Punishment assessed at 90 days in the workhouse."

Mrs. Cronin also identified Judge James W. Griffin's docket, who was deceased, and with reference to appellant's prior conviction of January 5, 1942, the entry on said exhibit (No. 7) reading: "January 5, 1942  12  Virginia King,  90 days  WH".

[314] Mrs. Cronin also identified the files in the cases involving the prior convictions; and, with respect to the conviction of January 5, 1942, testified to an entry on the back of the warrant reading the same as that shown on State's exhibit No. 2, supra, for January 5, 1942.

The testimony with reference to the convictions of April 2, 1947, and August 5, 1948, was of like nature and need not be detailed. All this testimony was admitted over appellant's objection on the ground, among others, that it was not the best evidence.

Mrs. Cronin stated, when asked where "is the judgment? A. On the back of the warrant."

The St. Louis court of criminal correction is "a court of record." § 479.010. Its proceedings, in general, are "governed by the laws regulating proceedings and practice in criminal cases." §§ 479.180, 541.010; In re Bedard, 106 Mo. 616, 621(I), 17 S. W. 693(1). Its clerk is "subject to all the requirements and obligations exacted of and imposed by law upon clerks of courts of record." § 483.395. The clerk of a court of record "shall record the judgments" et cetera of the court (§ 483.075), the judge requiring the clerk to correctly make out the judgment dockets et cetera (§ 483.140). See §§ 483.105, 483.110. "Whenever a judgment upon a conviction shall be rendered in any court, the clerk of such court shall enter such judgment and sentence thereon fully on the minutes, stating briefly the offense for which such conviction shall have been had * *." Supreme Court Rule 27.11, 42 V'AMS 117. See `§§ 546.590, 476.040; State v. Able, 65 Mo. 37, 38.

We have said: "A court of record can speak only by its record." State ex rel. v. Farris, Mo., 264 S. W. 363, 366[2]; State ex rel. v. Westhues, 315 Mo. 672, 286 S. W. 396, 399[7]; State ex rel. v. Goodrich, 159 Mo. App. 422, 425, 140 S. W. 629, 630[4].

A judgment is the final judicial determination of the matter presented in the record. § 511.020. "In order that a judgment may be admitted as evidence in another action, it is necessary that it should first have been entered of record." 49 C. J. S., Judgments, 231, § 107. See generally Id., §§ 106 et seq.; 24 C. J. S. Criminal Law, 124, §§ 1593-1595; 18 Enc. Pl. & Pr. 439, n. 1; Smith v. Steel, 81 Mo. 455, 459. "This court has said a judgment is the act of the court, its entry in the record the act of the clerk, the first being judicial, the second ministerial; and that though a judgment derives its force from its

rendition by the court, yet one given by a court of record can only be proved by the record.'' State ex rel. v. Cockrell, 280 Mo. 269, 285, 217 S. W. 524, 530. ''It requires a judgment of guilt upon the record to establish the defendant's guilt and 'that he has been convicted.'' Schooley v. United States (8 Cir.), 4 F. 2d 767, 769[2].

Minutes or memoranda of the nature offered in evidence may afford authority for the entry of the judgment of a court of record but they are not the judgment of the court and are not the correct method for establishing a prior conviction in a court of record. Smith v. Steel, 81 Mo. 455, 458; State ex rel. v. Goodrich, supra; State v. White, 339 Mo. 1019, 99 S. W. 2d 72, 75[9]; State v. Vinson, 337 Mo. 1023, 87 S. W. 2d 637, 638[5-8]. See Johnson v. Commonwealth, 80 Ky. 377, 379. We find no showing of record for the introduction of secondary evidence establishing the judgments of appellant's prior convictions. For a judgment of conviction of the St. Louis court of criminal correction, see State v. Bruckner, Mo., 272 S. W. 1061, 1062.

State v. Brown (1893), 115 Mo. 409, 415, 22 S. W. 367, 369(3), was a prosecution for the commission of a second petit larceny at a time when our habitual criminal act (RSMo 1889, § 3959; now § 556.280) authorized a penitentiary sentence for a second or subsequent conviction of petit larceny. Over objections interposed, the State, to prove the prior conviction, adduced testimony of the justice of the peace and offered in evidence his docket and the commitment. The justice's docket showed: ''Charge, [315] stealing.'' The filing of the information. The issuance of the warrant. The arrest. The plea. A hearing and a finding ''against the defendant, and in favor of the State, and assessed his punishment at thirty days' imprisonment in the county jail.'' The issuance of the commitment. The commitment recited facts establishing the offense to be petit larceny. In remanding the case, we said: ''The only way known to the law whereby the former conviction of the defendant of the crime of petit larceny could have been established was by the *judgment* of the justice so reciting; but this the judgment in question does not do. It nowhere appears in the judgment *what* was the offense of which the defendant was convicted. * * It is true also that we might infer from the commitment in evidence that the offense was petit larceny; but this is no case for inferences. Where the second conviction virtually raises a misdemeanor to the grade of a felony, which is to result in incarcerating the accused in the penitentiary for a period of from two to five years, and where such second conviction is made absolutely dependent on a former one, a decent regard for the rights and liberty of the accused, however humble his station in life, ought to and does require that nothing less than a judgment of conviction, plainly setting forth the former offense and adjudging the accused guilty thereof, will suffice as a basis for the second prosecution.'' See also State v. Griffie, 118 Mo. 188, 198, 23 S. W. 878, 881(2); Gordon v. State, 86

Fla. 255, 97 So. 428[2]; Ellis v. State, 100 Fla. 27, 129 So. 106, 69 A. L. R. 783, 788, 789.

No case cited by the State involved the proof of judgments establishing prior convictions. State v. Bowman, Mo., 213 S. W. 97, 98[4]; Ex parte Siegel, 263 Mo. 375, 383(II), 173 S. W. 1, 3[3]; State v. Williams, 191 Mo. 205, 214(V), 90 S. W. 448, 451(5); 24 C. J. S., Criminal Law, 132, § 1601. In each case the questioned judgment was the judgment appealed from and a part of the record proper before the court. Upon appeal we examine the record proper for error under Supreme Court Rule 28.02, 42 VAMS 122. See § 547.270; State v. Barr, 326 Mo. 1095, 34 S. W. 2d 477, 479[4]; State v. Rutledge, Mo., 267 S. W. 2d 625[1]. In the instant case we do not find the judgments of appellant's prior convictions of record.

Under the authorities the prior convictions of appellant were not established by competent evidence; and appellant's conviction of an offense under Laws 1951, p. 455, cannot stand.

The court gave instructions submitting appellant's guilt of petit larceny for the offense of September 6, 1952, if the jury failed to find the three prior convictions, and to acquit appellant altogether if they failed to find appellant guilty of the offense of September 6, 1952. Appellant, citing no authority, contends she was entitled to her discharge if the jury failed to find the three prior convictions. We think the point without merit. Upon a trial for an offense of grand larceny, if the evidence shows the value of the property would constitute petit larceny, the defendant may be convicted of that offense. § 560.245. Under § 556.230 the conviction of a defendant of any offense necessarily included in the offense charged is authorized. The habitual criminal act (§ 556.280) does not contemplate that one charged thereunder is entitled to an acquittal in the event the jury fails to find the prior conviction et cetera but does find the accused guilty of the offense on trial.

The judgment is reversed and the cause is remanded. *Barrett* and *Stockard, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Ellison,* P.J., *Leedy,* J., and *Tipton,* J., and *Broaddus,* Special Judge, concur.