**STATE of Missouri, Respondent,**

v.

**Marcella LaPLANT, Appellant.**

**No. 65810.**

Supreme Court of Missouri,
En Banc.

July 17, 1984.

Rehearing Denied Aug. 28, 1984.

John Ashcroft, Atty. Gen., Richard Baugh, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

Alan J. Agathen, Clayton, for appellant.

BLACKMAR, Judge.

The defendant was convicted under § 195.020, RSMo 1978, on two counts of possession of Schedule II controlled substances. The trial court found that she was a "prior offender" as defined in § 558.016.2, RSMo Cum.Supp.1983, and sentenced her to concurrent terms of ten years on each count. The Court of Appeals transferred the case here because of the "need to re-examine the law regarding the apparent conflict between § 195.200 and Chapter 558." The defendant does not challenge the sufficiency of the evidence to sustain the conviction, but rather raises issues relating to search and seizure, double jeopardy, and the appropriate sentencing procedure. We take the case as though on original appeal and now affirm.

## I.

■ The defendant challenges the validity of the warrant issued for a search of her person on November 4, 1981, because there was no separate affidavit apart from the application. She asserts violation of § 542.276.3, RSMo 1978, which provides that: "[t]he application shall be supplemented by written affidavits verified by oath or affirmation...." We do not agree. There is no prohibition, expressed or implied, against the use of a single document both as an application and as an affidavit. The fourth amendment requires a showing of "probable cause, supported by oath or affirmation." A similar requirement is found in Article I, § 15 of the Missouri Constitution. The documents submitted comply with the constitutional standards.

Section 542.276.3 precludes the use of oral testimony in providing probable cause facts to the issuing magistrate by requiring the submission of those facts only by written document. Documentation is important because it is available for future reference if claims of want of probable cause are made. The statute also serves to provide for a situation which arises not infrequently, in which the facts which must be sworn to are not known to the person presenting the application (usually a prosecutor or police officer) but lie within the knowledge of lay witnesses. If the required facts are properly sworn to there is no prejudice in the use of a single document. We agree with *State v. Clark*, 552 S.W.2d 256 (Mo. App.1977), holding that an application separate from the affidavit is not required if all essential facts are stated in the one document.

## II.

In 1980 the defendant pleaded guilty to the felony offense[1] of delivering a controlled substance, but imposition of sentence was suspended. Not until 1981 was § 491.050, RSMo 1978 amended to permit use of a plea of guilty for impeachment when imposition of sentence has been suspended and the suspension remains in effect. *See* Laws of Mo.1981, p. 635 and § 491.050, RSMo Cum.Supp.1983.

The defendant argues that the amended statute cannot properly be applied to her because it was not in force when she entered her plea of guilty in 1980. She refines the argument by saying that the unavailability of her plea for impeachment was a part of the "plea bargain" in 1980, and that the new legislation would constitute an ex post facto law if applied to impeach her in the present case.

*State v. Acton,* 665 S.W.2d 618 (Mo. banc 1984), is dispositive of this point. That case held that a prior plea of guilty to charges of driving while intoxicated, in which imposition of sentence had been suspended, could be used to enhance a sentence for an offense committed after the adoption of the enhancement statute, even though the plea could not have been so used under the statutes in effect at the time it was entered. The present defendant, at the time she committed the offense which is the subject of this appeal, was on notice that her prior guilty plea could be used in impeachment. She could have avoided disadvantage arising from the statutory amendment by acting in conformity with the law. There is no constitutional violation.

## III.

The defendant has a host of objections to the sentencing procedure, and the Court of Appeals expressed a somewhat different concern. We conclude that the sentences were properly imposed by the court, rather than by the jury, and that there are no improprieties.

The convictions are founded under § 195.020, RSMo 1978,[2] which provided that:

It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, distribute, or compound any controlled or counterfeit substance except as authorized in sections 195.010 to 195.320, or to possess any apparatus, device or instrument for the unauthorized use of any controlled substance.

The concurrent ten year sentences were properly pronounced under § 195.200.1(1), RSMo 1978,[3] reading as follows:

For the first offense, other than selling, giving or delivering any controlled substance listed in Schedule I or II, by imprisonment in a state correctional institution for a term of not more than twenty years, or by imprisonment in a county jail for a term of not less than six months nor more than one year, ... [further provisions not here material]

The court found that the defendant was a "prior offender" as defined in § 558.016.2, RSMo Cum.Supp.1983:

A "prior offender" is one who has pleaded guilty to or has been found guilty of one felony.

The state established the 1980 plea of guilty by the testimony of a deputy clerk of the circuit court. The defendant argues that the plea was not sufficiently established because no "order" or "judgment" was offered into evidence. The clerk produced the original court file containing a

---

1. The information charged defendant with violating § 195.020, RSMo 1978, in that she "knowingly distributed and delivered to Connie Henderson, phenmetrazine, a controlled substance, Schedule II."

2. In 1982, the legislature repealed § 195.020, RSMo 1978 and enacted a new § 195.020. *See* Laws of Mo.1982, p. 384.

3. In 1982, the legislature repealed § 195.200, RSMo 1978 and enacted a new § 195.200. *See* Laws of Mo.1982, p. 386. The quoted language was not changed.

minute entry signed by the judge, suspending imposition of sentence following a plea of guilty. The defendant, citing *State v. King*, 365 Mo. 48, 275 S.W.2d 310 (Mo. 1955), argues that this was not sufficient. We do not agree. The clerk produced the original record of the plea and disposition. By virtue of § 558.016.2 the essential showing was of a "plea of guilty," whether or not followed by a judgment of conviction. Inasmuch as imposition of sentence had been suspended and the suspension remained in effect, there was no "judgment" in this case. The prior offense, therefore, was established by the court's original records demonstrating the material event.

It is next argued that 558.016.2 was adopted in 1981 and cannot constitutionally be applied so as to effect a change in sentencing procedure which is dependent upon a 1980 conviction. *State v. Acton, supra,* refutes the claim.

■ Contrary to the defendant's contention, the indictment was sufficient to show the offenses charged and the reliance on the 1980 conviction. An indictment or information is not necessarily insufficient simply because statutory references are omitted or the wrong statutes cited.[4] This indictment gave notice of all facts relied on, both as to the offenses and as to the facts justifying different sentencing procedure.

■ The offense charged in this case is a class A felony by reason of § 557.021.-3(1)(a), RSMo 1978, which reads as follows:

[An offense] is a class A felony if the authorized penalty includes death, life imprisonment or imprisonment for a term of twenty years or more;

Section 557.036.4(2), RSMo Cum.Supp.1983 (adopted in 1981) provides that:

If [the defendant] has been found guilty of a class A felony, *the court* may impose any sentence authorized for a class A felony. (Emphasis supplied).

The defendant argues that § 558.016 cannot be applied because it authorizes court sentencing only of a prior offender who has

pleaded guilty to or has been found guilty of a class B, C, or D felony. This argument was rejected in *State v. Kirk*, 636 S.W.2d 952 (Mo.1982), for a trial which took place prior to the 1981 amendments to § 557.036, which clearly indicate that the court is the proper sentencing agency. Here the offense was committed after the 1981 amendments took effect, and so we do not have to decide about the effect of statutory changes between the time of the offense and the time of trial.

The Court of Appeals raised the question whether the provisions of Chapter 195 constitute a complete code of sentencing for drug related offenses, suggesting that otherwise a sentence might be subject to enhancement under two different statutory provisions. In this case, however, there is no question of enhancement. The only effect here claimed by the state for the statutory sections outside of Chapter 195 is placement of the sentencing responsibility on the court rather than on the jury. The present sentence is one which would be authorized for a first offense. Court sentencing under § 557.036 is not inconsistent with § 195.200, RSMo 1978, in effect at the time the offense was committed, because subsection 2 of § 195.200 unequivocally provides that:

If any person is to be punished under the provisions of subdivision (2), (3), or (5) of subsection 1 the duty develops upon the court to affix the term of imprisonment; *in all other cases punishment shall be affixed as otherwise provided by the law.* (Emphasis supplied).

There is no reason therefore why Chapters 557 and 558 may not be looked to in determining what manner of sentencing is "otherwise provided by law."

The Court of Appeals cites *State v. Edwards*, 317 S.W.2d 441 (banc 1958) for the proposition that Chapter 195 contains a complete code for sentencing in "controlled substances" cases. *Edwards* involved a claim for enhancement, under statutory

---

**4.** *State v. Jenkins,* 494 S.W.2d 14 (Mo. banc 1973); *State v. Smith,* 633 S.W.2d 412 (Mo.App. 1982); *State v. Williams,* 588 S.W.2d 70 (Mo. App.1979).

provisions very different from those now in effect. The case is not in point.

Other questions about the interrelation between Chapter 195 and Chapters 557 and 558, will have to await further development in the case law.[5]

The judgment is affirmed.

All concur.

Frederick Steiger, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

---

**5.** The Court of Appeals has transferred two other cases involving similar issues to this Court. *State v. Bell,* No. 65936, and *State v. Anderson,* No. 66020, will be heard at this Court's September 1984 Session.