Alywin KLUTTZ, Appellant,

v.

STATE of Missouri, Respondent.

No. 59932.

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 29, 1991.

Greenberg, Pleban & Fleming, C. John Pleban & Lynette M. Petruska, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Alywin E. Kluttz, M.D., appeals order denying his motion to withdraw a plea of guilty to the class C felony of failure to return leased or rented property in violation of § 578.150 RSMo 1986. Rule 29.07(d) authorized the court to consider withdrawal because imposition of sentence was suspended.

Defendant was originally charged with three counts of failure to return leased or rented property and three counts of tampering in the first degree in violation of § 569.080.1(2) RSMo 1986. The state agreed to dismiss five counts in exchange for a plea of guilty to one count. The state did not agree to an *Alford* plea on the remaining count. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). However, the court accepted

an *Alford* plea and suspended imposition of sentence. It placed defendant on probation for a period of three years subject to certain conditions including full restitution.

Defendant, a medical doctor, filed the motion to withdraw plea because the State Board of Registration for the Healing Arts revoked his license to practice medicine pursuant to the provisions of § 334.103.1 RSMo 1986. That section requires automatic revocation of a license of a physician who has been convicted "for any felony offense, an essential element of which is fraud, dishonesty or an act of violence, or for any felony offense involving moral turpitude."

The motion did not contain an allegation that the indictment charging the offense to which defendant tendered an *Alford* plea of guilty was insufficient. Defendant alleged he entered the guilty plea without admitting the essential elements of the crime charged, his counsel failed to advise him of the essential elements, the plea was involuntary because he was not advised by counsel that the plea would result in an automatic loss of his medical license, and, there was not a sufficiently strong factual basis presented to the court to accept the plea.

In this court defendant claims: (1) the indictment was insufficient to support a guilty plea; (2) there was no factual basis to support the plea in the absence of an allegation defendant intended to permanently deprive the owner of a leased automobile; and, (3) defendant should be permitted to withdraw his guilty plea because he was "mislead or induced to enter the plea based upon mistake, misapprehension, persuasion or the holding out of hopes that proved to be false."

■ The trial court found the indictment adequately alleged a crime although it referred to § 578.020 RSMo, a section replaced by § 578.150 RSMo 1986. An indictment or information is not necessarily insufficient where statutory references are omitted or the wrong statutes cited. *State v. LaPlant*, 673 S.W.2d 782, 783 (Mo. banc 1984). In a case where sufficiency of in-

dictment was not contested this ruling was correct.

■ Defendant also argues the indictment was insufficient because it failed to allege defendant intended to permanently deprive the owner of leased property. The indictment charges a violation of § 578.020 [sic, § 578.150] in violation of which defendant "committed the class C felony of failure to return leased or rented property, ... with the intent to deprive the owner thereof, willfully failed to return leased or rented property, to-wit: a 1983 Mercury Lynx, yellow, with a value in excess of $150.00 to the place and within the time specified in an agreement the defendant made in writing dated November 21, 1984 providing for the leasing or renting of such property to be returned to the location of 3345 S. Kingshighway on December 7, 1987." This charge tracks § 578.150.1 RSMo 1986. "[I]ntent to deprive the owner thereof" is an element of the crime. The indictment alleged that element. The indictment contained all essential elements of the offense and adequately informed defendant of the charge as required by *State v. Strickland*, 609 S.W.2d 392, 395 (Mo. banc 1980).

■ Defendant's second complaint is that the court had an insufficient factual basis to accept the plea. At the plea hearing the assistant circuit attorney informed the court "[d]efendant entered into a written lease agreement ... on November the 21st, entered into a written lease agreement ... on November the 21st, 1984 providing for the leasing or renting of three autos. And these autos were to be returned to 3345 South Kingshighway here in the City of St. Louis on or about ... before December the 7th, 1987 ... none of the autos had been returned and when the autos were found, they were in a very damaged condition and in fact there is still ... fifteen thousand four hundred three dollars and thirty-five cents which is still owing on the contract." Defendant acknowledged that he understood he was admitting available proof of this evidence. Defendant's argument that there was no allegation in the indictment and no offer to prove defendant intended to deprive the owner of its

property permanently is not supported by the facts. Permanent deprivation is not an element of the crime to be alleged or proven. Defendant's acknowledgement that he failed to return the vehicle which was the subject of the charge was sufficient. Intent or purpose may be inferred from circumstances which included failure to return, as agreed, a substantial arrearage on rental payments and damage to the vehicle. *State v. O'Dell*, 684 S.W.2d 453, 461 (Mo. App.1984).

■ Defendant's third ground for remand depends upon a finding that he entered the plea of guilty involuntarily because he was not advised that he would automatically lose his medical license if the court accepted the plea. The motion court found that this issue was considered by defendant and the court which accepted the *Alford* plea. A probation officer prepared a pre-sentence investigation and expressed an opinion that the *Alford* plea to the charge would result in an automatic suspension of defendant's medical license. Defendant's attorney expressed an opposite opinion based on his conclusion the charged offense was not covered by the automatic revocation statute. The record supports a finding that the matter was considered. Under these circumstances the decision to deny the motion rested with the discretion of the court. *Samuels v. State*, 770 S.W.2d 717, 721 (Mo.App.1989). Defendant was not entitled to relief as a matter of right. *Id.* Defendant offered the *Alford* plea, rather than the regular guilty plea "to mitigate any potential action against his license that may be taken." When the court accepted defendant's *Alford* plea to one of six charges defendant had the benefit of the dismissal of the remaining counts, a suspended imposition of sentence, and the possibility that his medical license could be saved. Defendant was aware of the risk that the State Board of Registration for the Healing Arts might consider the crime to contain an essential element of fraud, dishonesty, or moral turpitude. He chose to proceed. On these facts we find support for the decision the guilty plea was entered intelligently and

voluntarily and no support for an argument that the court abused its discretion in denying leave to withdraw the plea under Rule 29.07(d).

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.